THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOUSEF BILBEISI, <br><br>                     Plaintiff, <br><br>          v. <br><br> SAFEWAY, <br><br>                     Defendant. | CASE NO. C20-0535-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motions to remand (Dkt. Nos. 8–9, 15). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motions for the reasons explained herein.

I.    **BACKGROUND**

In 2015, Defendant hired Plaintiff as a courtesy clerk. (Dkt. No. 2-2 at 11.) Plaintiff worked without incident for several years until February of 2018, from which date Plaintiff claims his supervisors and coworkers began to emotionally and verbally abuse him. (*See id.* at 4–5.) Then, in June, Plaintiff's co-workers, who knew he was Muslim, allegedly tried to force him to handle alcohol, and the assistant store manager purportedly refused to let Plaintiff leave for work to pray during Ramadan. (*See id.* at 3–4.) Plaintiff claims that he reported the harassment of his co-workers but Defendant did nothing to address the situation. (*See id.* at 4–6.) Finally, Plaintiff alleges that in November of 2018, Defendant fired him after he took off time from work

upon the orders of a physician. (*See id.* at 3.)

On December 13, 2018, Plaintiff brought a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 11). In the charge, Plaintiff stated, "I believe I was being subjected to discrimination due to my national origin and religion, in violation of Title VII of the Civil Rights Act of 1964." (*Id.* at 12.) The EEOC dismissed the charge on March 3, 2020, and issued Plaintiff a right to sue letter. (*Id.* at 13.) Plaintiff then filed an action in King County Superior Court on March 11, 2020, based on the allegations he made to the EEOC. (*See id.* at 9.) Plaintiff's complaint references his charge to the EEOC and the EEOC's right to sue letter, both of which Plaintiff attached to his complaint. (*Id.* at 9–14.)

On April 8, 2020, Defendant removed the case on the ground that the Court has federal question jurisdiction over Plaintiff's discrimination claims. (Dkt. No. 1 at 2.) Plaintiff now moves to remand the case back to state court, claiming that the Court does not have jurisdiction. (Dkt. Nos. 8–9, 15.)

## II.     DISCUSSION

A federal district court has jurisdiction over a civil action that has been removed to federal court if that court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A court has original jurisdiction over any action that arises under a federal law. 28 U.S.C. §§ 1331, 1367. "The general rule . . . is that a civil action arises under federal law . . . when a federal question appears on the face of the complaint." *City of Oakland v. BP, PLC*, 2020 WL 2702680, slip op. at 3 (9th Cir. 2020). Here, a federal question appears on the face of Plaintiff's complaint: Plaintiff's EEOC charge, which is referenced in his complaint and attached thereto, says that Plaintiff "believe[s] [he] was being subjected to discrimination due to [his] national origin and religion, in violation of Title VII of the Civil Rights Act of 1964." (Dkt. No. 2-2 at 12.) Consequently, the Court would have had original jurisdiction over Plaintiff's action if he had filed it in federal court. *See* 28 U.S.C. § 1331. Removal was therefore proper.

*See* 28 U.S.C. § 1441.

Plaintiff argues that the Court lacks jurisdiction because his complaint "is based entirely on his rights under [the Washington Law Against Discrimination ("WLAD")]." (*See* Dkt. No. 8 at 4.) However, Plaintiff "cannot . . . re-interpret his complaint to avoid removal; the right of removal is determined by the pleadings as they stand at the time the petition for removal is filed." *Garcia v. Premont Indep. Sch. Dist.*, 1992 WL 336488, slip op. at 1 (S.D. Tex. 1992). And at the time of removal, Plaintiff's pleading referenced Title VII, not the WLAD. (*See* Dkt. No. 2-2 at 2–12.) That reference gives the Court jurisdiction over this action.

Although the Court has jurisdiction over this action, the Court recognizes that Plaintiff, who is appearing *pro se*, may have intended to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Cecil Williams*, 482 U.S. 386, 392 (1987). As the "master of [his] claim," Plaintiff has the right to rely on state law, and the Court does not wish to deprive Plaintiff of that right because he is *pro se*. *See id.* Accordingly, if Plaintiff wishes to amend his complaint to plead only state law causes of action, he may do so within 21 days of the date of this order.[1] Should Plaintiff amend his complaint within that time frame, he may also renew his motion to remand. *See Zuurbier v. Medstar Health, Inc.*, 306 F.Supp.2d 1, 7–8 (D.D.C. 2004) (remanding case after plaintiff amended her complaint to drop all federal claims). However, Plaintiff must address in his motion to remand whether the Court has diversity jurisdiction over this action.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motions to remand (Dkt. Nos. 8–9, 15). If Plaintiff wishes to file an amended complaint alleging the same facts but asserting only state law claims, Plaintiff must file the amended complaint within 21 days of this order.

//

---

[1] The Court's order does not affect Plaintiff's right or ability to amend his complaint under Federal Rule of Civil Procedure 15.

1    DATED this 24th day of June 2020.

						_____
						John C. Coughenour
						UNITED STATES DISTRICT JUDGE

ORDER
C20-0535-JCC
PAGE - 4