THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOUSEF BILBEISI,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAFEWAY,<br><br>                    Defendant. | CASE NO. C20-0535-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Yousef Bilbeisi's motion for leave to amend (Dkt. No. 26), motion for order to add a party defendant (Dkt. No. 41), third, fifth, and sixth[1] motions to remand (Dkt. Nos. 28, 33, 36), and Defendant Safeway's motion to compel discovery and for sanctions (Dkt. No. 38). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part Mr. Bilbeisi's motion for leave to amend (Dkt. No. 26), DENIES without prejudice Mr. Bilbeisi's motion for order to add a party defendant (Dkt. No. 41), GRANTS Mr. Bilbeisi's motions to remand (Dkt. Nos. 28, 33, 36) and DENIES as moot Safeway's motion to compel and for sanctions (Dkt. No. 38).

//

---

[1] Mr. Bilbeisi did not file a fourth motion for remand.

## I. BACKGROUND

Mr. Bilbeisi filed a discrimination charge against Safeway with the Equal Opportunity Employment Commission ("EEOC") in late 2018. (Dkt. No. 1-2 at 10–11.) After the EEOC dismissed the charge and issued a right to sue letter, Mr. Bilbeisi filed a complaint in King County Superior Court. (*Id.* at 1–9.) Safeway removed the case based on the Court's federal question jurisdiction. (Dkt. No. 1 at 2.) Mr. Bilbeisi moved to remand, arguing that his claims were based entirely on state law. (Dkt. Nos. 8, 9, 15.) The Court concluded that Mr. Bilbeisi's claims were based on federal law, and removal was proper. (Dkt. No. 23 at 3.) At the same time, based on Mr. Bilbeisi's *pro se* status and his argument that he intended to assert only claims based on state law, the Court granted Mr. Bilbeisi leave to "file an amended complaint alleging the same facts, but asserting only state law claims" and to renew his motion to remand. (*Id.*) The Court also instructed Mr. Bilbeisi to "address in his motion to remand whether the Court has diversity jurisdiction over this action." (*Id.*)

In response, Mr. Bilbeisi filed an amended complaint in which he asserted only state law claims. (Dkt. No. 24.) Mr. Bilbeisi also added four new defendants without Safeway's consent or the Court's leave. (*See id.* at 1.) The Court warned Mr. Bilbeisi that the Court did not grant leave to join the new defendants and it would not consider any claims against them unless he complied with Rule 15. (Dkt. No. 25.)

Mr. Bilbeisi now moves for leave to amend his complaint to add the new defendants, who are allegedly Washington citizens, and moves to remand this matter to King County Superior Court. (*See* Dkt. Nos. 26, 29 at 3.) Safeway opposes Mr. Bilbeisi's motion for leave to amend, arguing that he improperly seeks to join the new defendants solely for the purpose of destroying diversity jurisdiction. (*See* Dkt. No. 30 at 7–8.) Safeway also opposes remand, arguing that the Court has diversity jurisdiction. (*See* Dkt. No. 31.) Safeway admits that it not clear whether the amount in controversy requirement is satisfied but argues that it is entitled to discovery to find out, and moves to compel Mr. Bilbeisi to respond to that discovery. (*See* Dkt. Nos. 31 at 3, 38.)

## II.     DISCUSSION

### A.     Motion for Leave to Amend

Mr. Bilbeisi moves for leave to amend to "answer[] the question of diversity [jurisdiction] by seeking to join" four individuals who are allegedly citizens of Washington as defendants: Renato Millo, Evan Ackervick, Rhonel Esbulgar, and Kagan. (Dkt. No. 29 at 3.)[2] The Court has discretion to determine whether to grant leave to amend. *Unites States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). When exercising that discretion, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts within the Ninth Circuit grant leave to amend with "extreme liberality." *Webb*, 655 F.2d at 979 (quoting *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960)). "The rule favoring liberality in amendments to pleadings is particularly important for [a] pro se litigant." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). At the same time, the Court may deny leave to amend if the plaintiff acts in bad faith, unduly delays in moving to amend, repeatedly fails to cure deficiencies in the complaint, or if the amendment would be futile or would prejudice the other parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where, as here, the plaintiff seeks to amend a removed complaint to add diversity-destroying parties, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit joinder "is left to the [Court's] discretion." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising that discretion, the Court generally considers:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder

---

[2] Mr. Bilbeisi filed substantially similar complaints at docket number 24 and 29. The Court cites to docket number 29 since it is the most recent complaint.

will prejudice the plaintiff.

*McCullough v. Travelers Home and Marine Ins. Co.*, 2017 WL 6604395, slip op. at 3 (W.D. Wash. 2017) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)). Having considered those factors, the Court GRANTS Mr. Bilbeisi's motion for leave to join Renato Millo as a defendant.

Safeway argues that the Court should not grant Mr. Bilbeisi leave to join Renato Millo because Mr. Bilbeisi's allegations against him are futile because they fail to state a claim upon which relief may be granted. (Dkt. No. 30 at 4–5.) But Safeway takes an overly restrictive view of the allegations against Mr. Millo. Although the complaint is difficult to decipher, the Court understands Mr. Bilbeisi's references to "Renato" and "Ronaldo" to refer the same person because the names sound similar, Mr. Bilbeisi appears to use them interchangeably, and Mr. Bilbeisi uses both names to refer to his shift manager. For example, Mr. Bilbeisi alleges: "I had asked my shift manger, Ronaldo, to allow me to show up to my shift 30-60 minutes in advance, and a co-worker agreed to cover me during this time, but Renato refused to allow this arrangement." (Dkt. No. 29 at 8.) Elsewhere, Mr. Bilbeisi refers to both "Renato" and "Ronaldo" as his shift manager. (*See id.* at 10 (referring to "Renato" as his shift manager), 7–8 (referring to "Ronaldo" as his shift manager).)[3] Based on this understanding, and considering *all* of the allegations against Renato/Ronaldo, granting leave to amend would not be futile because Mr. Bilbeisi states a claim upon which relief could be granted. In addition, the *IBC* factors do not weigh against granting leave to amend.

Mr. Bilbeisi alleges two incidences of alleged religious discrimination in violation of the Washington Law Against Discrimination ("WLAD"). WLAD prohibits discrimination "against any person in . . . terms or conditions of employment because of . . . creed." Wash. Rev. Code § 49.60.180(3). This provision requires employers to reasonably accommodate their employees'

---

[3] In his reply in support of his motion to amend, Mr. Bilbeisi refers to a "direct manager" named "Renalto Millo." (Dkt. No. 33 at 4.) The Court understands this to be the same person as "Renato" and "Ronaldo."

religious practices. *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 203 (Wash. 2014). Under WLAD, managers and supervisors may be held liable in their individual capacities for failure to accommodate. *Brown v. Scott Paper Worldwide Co.*, 20 P.3d 921, 928 (Wash. 2001); *see also Peeler v. Boeing Co.*, 2015 WL 6627984, slip op. at 1 (W.D. Wash. 2015) (holding that manager could be held individually liable for failure to accommodate plaintiff's mental health condition). To state a WLAD claim for failure to accommodate his religious practices, Mr. Bilbeisi must allege that: "(1) he . . . had a bona fide religious belief, the practice of which conflicted with employment duties; (2) he . . . informed the employer of the beliefs and the conflict; and (3) the employer responded by subjecting the employee to threatened or actual discriminatory treatment."[4] *Kumar*, 325 P.3d at 203.

Mr. Bilbeisi alleges he is Muslim, he informed Safeway of two conflicts between his religion and his job duties, and his manager, Renato, responded with discriminatory conduct. (Dkt. No. 29 at 4, 7–8.) Specifically, Mr. Bilbeisi alleges that his religion dictates that he not handle alcohol during Ramadan, and although he informed Safeway of the conflict, Renato required him to do so anyway, saying, "That's your job, man." (*Id.* at 7.) Mr. Bilbeisi also alleges he informed Safeway he needed to leave work to pray at his mosque at sunset during Ramadan, but Renato refused to allow him to start work early and have a coworker cover his duties while he was at the mosque. (*Id.* at 8.) These allegations are sufficient to state a claim for Renato's alleged failure to accommodate Mr. Bilbeisi's religion.

Safeway argues that even if Mr. Bilbeisi states a claim against the defendants he seeks to add, the Court should deny joinder because Mr. Bilbeisi seeks to add the defendants for the purpose of destroying diversity jurisdiction. (Dkt. No. 30 at 7–8.) Mr. Bilbeisi disputes this characterization and represents that he did not seek to add the new defendants until recently

---

[4] Mr. Bilbeisi must also allege that Safeway "employs eight or more persons" so that WLAD applies. Wash. Rev. Code §§ 49.60.040(11), 49.60.180. Mr. Bilbeisi's complaint identifies at least eight employees: Mr. Bilbeisi, Renato/Ronaldo Millo, Aaron, Bob, Marco, Mark, Rhonel Esbulgar, Kevin, Alex, Pape, and, possibly, Evan Ackvervick and Kagan. (*See* Dkt. No. 29.)

because he "was not aware that coworkers and employees could be held accountable" in their individual capacities. (Dkt. No. 33 at 3.) There is mixed evidence in the record with respect to Renato Millo. On one hand, as Mr. Bilbeisi's manager, Mr. Millo is alleged to have been intimately involved in the events forming the basis of Mr. Bilbeisi's complaint, and Mr. Bilbeisi's claim that he was unaware that he could sue Mr. Millo individually until recently is plausible. On the other hand, the timing of Mr. Bilbeisi's motion to add Mr. Millo as a defendant coupled with his statement that "Plaintiff is answering the question of diversity by seeking to join the State of Washington Citizens' defendants," (Dkt. No. 29 at 3), raises questions about his motivation. Viewing the record in the light most favorable to Mr. Bilbeisi, particularly because he is *pro se*, the Court cannot conclude that Mr. Bilbeisi's *sole* purpose in seeking to join Mr. Millo is to destroy the Court's jurisdiction. *See McCullough*, 2017 WL 6604395, slip op. at 4.

Because Mr. Millo's presence destroys the Court's jurisdiction, the Court leaves it to the state court to determine whether to permit Mr. Bilbeisi to join the other proposed defendants, against whom he makes less detailed allegations and, in the case of Kagan, where there is at least some evidence of possible collusion. (*See* Dkt. Nos. 37, 41 (documents indicating Kagan consents to being added as a defendant despite denying "participat[ing] intentionally in any unlawful practice").)

### B.     Remaining Motions

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Here, the Court has permitted the joinder of a diversity-destroying defendant and therefore must GRANT Mr. Bilbeisi's motions to remand.

Safeway moves to compel Mr. Bilbeisi to respond to discovery designed to disclose the amount in controversy and moves for sanctions for his failure to do so. In light of the Court's resolution of the other motions, the Court DENIES these motions as moot.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Mr. Bilbeisi's motion for leave to amend (Dkt. No. 26), DENIES without prejudice Mr. Bilbeisi's motion for order to add a party defendant (Dkt. No. 41), GRANTS Mr. Bilbeisi's motions to remand (Dkt. Nos. 28, 33, 36) and DENIES as moot Safeway's motion to compel and for sanctions (Dkt. No. 38).

DATED this 2nd day of March 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE